UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADORE A. SANTOYO,<br><br>    Petitioner,<br><br>    v.<br><br>KIMBERLY A. SEIBEL, Warden,<br><br>    Respondent.[1] | No. 2:14-cv-0771 DB P<br><br>ORDER AND<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Petitioner is a state prisoner proceeding without counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a judgment of conviction entered against him on September 19, 2011, in the Sacramento County Superior Court on two counts of committing a lewd and lascivious act upon a child. He seeks federal habeas relief on the grounds that: (1) his trial counsel rendered ineffective assistance; and (2) the California Superior Court judge who decided his state habeas petition should have recused himself because of a conflict of interest. Upon careful consideration of the record and the applicable law, the undersigned recommends that petitioner's application for habeas corpus relief be denied.

---

[1] Previously named as respondent was Jeffrey Beard, Director of CDC. The court now substitutes in the correct respondent, the Warden of Chuckawalla Valley State Prison, where petitioner is presently incarcerated. "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir.1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). <u>See</u> also <u>Smith v. Idaho</u>, 392 F.3d 350, 355-56 (9th Cir. 2004).

## I. Background

In its unpublished memorandum and opinion affirming petitioner's judgment of conviction on appeal, the California Court of Appeal for the Third Appellate District provided the following factual summary:

> Defendant Salvador Aguilar Santoyo promised to take 13–year–old T. to a school open house so she could earn extra credit, but then he detoured to an apartment where he molested her. A jury found him guilty of two lewd acts on a child (thereby acquitting or failing to reach a verdict on the more serious charges of rape, forcible sodomy, and forcible lewd acts), and the court sentenced him to 17 years in prison.
>
> On appeal, defendant raises four issues relating to the evidence and sentencing. We affirm.
>
> **FACTUAL AND PROCEDURAL BACKGROUND**
>
> Defendant, who was in his 20's, was a family friend of T. One evening when T.'s mother could not take T. to school for an extra credit project, defendant said he would. Instead of taking T. to her school, he took her to his girlfriend's apartment, which was vacant. He showed her a gun. They then went in a bedroom, where defendant asked T., "'What would you do if I take you down?'" T. interpreted this to mean "'What would you do if I had sex with you?'"
>
> Defendant then kissed T., pulled her pants down, and pushed her on the bed, where he stuck his penis through one of the leg openings of her underwear. He then stuck his penis in her vagina. T. pulled up her pants. Right after that, defendant used his hand to touch her vagina on the outside of her clothing. Defendant went to the bathroom, and T. went outside. When defendant joined her, T. told him to take her home, and he did.
>
> Defendant testified at trial that he did not molest T.

People v. Santoyo, No. C069682, 2012 WL 5332190, at *1 (Cal. Ct. App. Oct. 30, 2012).

## II. Standards of Review Applicable to Habeas Corpus Claims

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

/////

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. Greene v. Fisher, ___ U.S. ___, ___, 132 S. Ct. 38, 44 (2011); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). Circuit court precedent "may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." Marshall v. Rodgers, ___ U.S. ___, ___, 133 S. Ct. 1446, 1450 (2013) (citing Parker v. Matthews, ___ U.S. ___, ___, 132 S. Ct. 2148, 2155 (2012)). Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct. Id. Further, where courts of appeals have diverged in their treatment of an issue, it cannot be said that there is "clearly established Federal law" governing that issue. Carey v. Musladin, 549 U.S. 70, 77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the

3

writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Lockyer v. Andrade, 538 U.S. 63, 75 (2003); Williams, 529 U.S. at 413; Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004). A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 412. See also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'") "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be

presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, ___ U.S. ___, ___, 133 S. Ct. 1088, 1091 (2013).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98.

A summary denial is presumed to be a denial on the merits of the petitioner's claims. Stancle v. Clay, 692 F.3d 948, 957 & n. 3 (9th Cir. 2012). While the federal court cannot analyze just what the state court did when it issued a summary denial, the federal court must review the state court record to determine whether there was any "reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98. This court "must determine what arguments or theories . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." 562 U.S. at 102. The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 562 U.S. at 98).

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal

5

habeas court must review the claim de novo. Stanley, 633 F.3d at 860; Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006); Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

### III. Petitioner's Claims

#### A. Ineffective Assistance of Trial Counsel

Petitioner raises two claims of ineffective assistance of trial counsel. In his first ground for relief, petitioner claims that his trial counsel rendered ineffective assistance in failing to obtain records pertaining to his cell phone usage on the date of the assault. ECF No. 1 at 4, 8-11. He argues these records would have supported his alibi defense and would have demonstrated that the victim continued to be friendly with him after the alleged assault. Id. In his second ground for relief, petitioner claims that his trial counsel rendered ineffective assistance in failing to properly investigate and obtain the victim's school records in order to show that the assault could not have taken place when the victim said it did. Id. at 4, 13-14. After setting forth the applicable legal principles, the court will address these claims below.

##### 1. Applicable Legal Principles

The clearly established federal law governing ineffective assistance of counsel claims is that set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). To succeed on a Strickland claim, a defendant must show that (1) his counsel's performance was deficient and that (2) the "deficient performance prejudiced the defense." Id. at 687. Counsel is constitutionally deficient if his or her representation "fell below an objective standard of reasonableness" such that it was outside "the range of competence demanded of attorneys in criminal cases." Id. at 687–88 (internal quotation marks omitted). "Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" Richter, 562 at 104 (quoting Strickland, 466 U.S. at 687).

A reviewing court is required to make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 669. See also Richter, 562 U.S. at 107 (same). Reviewing courts must also "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S.

1  at 689.  This presumption of reasonableness means that the court must "give the attorneys the
2  benefit of the doubt," and must also "affirmatively entertain the range of possible reasons
3  [defense] counsel may have had for proceeding as they did." Cullen v. Pinholster, 563 U.S. 170,
4  196 (2011) (internal quotation marks and alterations omitted).

5  Defense counsel has a "duty to make reasonable investigations or to make a reasonable
6  decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691.  Counsel
7  must, "at a minimum, conduct a reasonable investigation enabling him to make informed
8  decisions about how best to represent his client." Hendricks v. Calderon, 70 F.3d 1032, 1035 (9th
9  Cir. 1995) (quoting Sanders v. Ratelle, 21 F.3d 1446, 1456 (9th Cir.1994) (internal citation and
10  quotations omitted).  See also Porter v. McCollum, 558 U.S. 30, 40 (2009) (counsel's failure to
11  take "even the first step of interviewing witnesses or requesting records" and ignoring "pertinent
12  avenues for investigation of which he should have been aware" constituted deficient
13  performance).  "'[I]neffective assistance claims based on a duty to investigate must be considered
14  in light of the strength of the government's case.'" Bragg v. Galaza, 242 F.3d 1082, 1088 (9th
15  Cir. 2001) (quoting Eggleston v. United States, 798 F.2d 374, 376 (9th Cir. 1986)).

16  Prejudice is found where "there is a reasonable probability that, but for counsel's
17  unprofessional errors, the result of the proceeding would have been different." Strickland, 466
18  U.S. at 694.  A reasonable probability is "a probability sufficient to undermine confidence in the
19  outcome." Id.  "The likelihood of a different result must be substantial, not just conceivable."
20  Richter, 562 U.S. at 112.  A reviewing court "need not determine whether counsel's performance
21  was deficient before examining the prejudice suffered by the defendant as a result of the alleged
22  deficiencies . . . .  If it is easier to dispose of an ineffectiveness claim on the ground of lack of
23  sufficient prejudice . . . that course should be followed." Pizzuto v. Arave, 280 F.3d 949, 955
24  (9th Cir. 2002) (quoting Strickland, 466 U.S. at 697), amended and superseded on other grounds
25  by Pizzuto v. Arave, 385 F.3d 1247 (9th Cir. 2004).

26  Under AEDPA, "[t]he pivotal question is whether the state court's application of the
27  Strickland standard was unreasonable." Richter, 562 U.S. at 101.  "[B]ecause the Strickland
28  /////

standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." Knowles v. Mirzayance, 556 U.S. 111, 123 (2009).

### 2. Petitioner's Claims

In his first ground for relief, petitioner claims that his trial counsel rendered ineffective assistance in failing to obtain records pertaining to his cell phone usage on the date of the assault. ECF No. 1 at 4, 8-11.[2] Petitioner explains that he repeatedly asked counsel to subpoena these records but by the time counsel got around to it they had already been erased by the cell phone service provider and were no longer available. Id. at 8-9. Based on the timeline provided by petitioner, it would have been possible to obtain these records if counsel had issued a subpoena immediately after petitioner first asked him to do so. Id. at 4, 8. Petitioner argues, "It is obvious trial counsel waited until the last minute to put together the defense." Id. at 11.

Petitioner states the records were crucial to his defense because they would have shown that the victim continued to keep in touch with him after the alleged assault and that there was no mention in any telephone conversation or text message of "any type of sexual misconduct or behavior." Id. at 10. Petitioner also argues these phone records would show that he and the victim remained friendly, thereby contradicting the victim's testimony that she did not tell anyone about the abuse because she was afraid of petitioner. Id. Finally, petitioner argues that the phone records would have supported his defense that he was taking his fiancee to work at the time of the assault. Id. He explains:

> The alleged crime was said to have taken place around 5:30 pm petitioner testified to have been in traffic driving back from the city of Winters where he dropped of [sic] his fiancee at work. Petitioner wanted to use the phone records to serve as alibi to confirm that petitioner could not of been committing a crime at the time. Phone records would show that petitioner used the phone for long periods of time and on that date and time petitioner was on the phone and could not of been committing a crime. Metro P.C.S would show that to be true because records show the time and duration of all the calls that were made on that date.

---

[2] Page number citations such as this one are to the page numbers reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

8

> Most importantly the phone records would show that petitioner was no where near the alleged crime scene, the Cell tower through which the call was routed would show that petitioner was not anywhere near the area of the alleged crime scene. Metro P.C.S. provides a close location to where the person is calling from so it narrows down the whereabouts of the person using the phone.

Id. See also ECF No. 18 at 9. Petitioner notes that the jury asked for a read-back of the victim's testimony, and that he was acquitted of the most serious charges against him, and he contends that the victim's testimony was inconsistent and weak. He argues that the phone records might have convinced the jury that the victim's testimony was not credible. ECF No. 1 at 11.

In his second ground for relief, petitioner claims that his trial counsel rendered ineffective assistance in "failing to conduct a reasonable pre-trial investigation." Id. at 4. Specifically, he states that he asked trial counsel to obtain records from the victim's school to show the dates of the open house in October, 2010. Id. at 4, 13. He states those records would reflect that the open house was not held on October 28, 2010, as the victim claimed, and would therefore have discredited her testimony that petitioner committed the crimes on that date, or at all. Id. at 13-14. Petitioner states that the defense investigator obtained records from the wrong school but that trial counsel didn't realize this until he was in the middle of the victim's cross-examination. Petitioner explains:

> Had counsel obtained the correct records to the right school they would show that there was no such thing as an open house on the date of October 28, 2010. The foundation of the complainant's testimony was based on this open house as it was made clear that October 28, 2010 was the date of the alleged crime by all members of the prosecution and the alleged victim as well. The Issue of October 28, 2010 was strongly pushed not by defense but by the prosecution. Petitioner testified of whereabouts and had alibi witness testify also with documentation to prove it.

Id. at 13. Petitioner argues that the victim "struggled during cross in keeping a consistent testimony" and that the correct documentation from her school would have further damaged her credibility. He notes, as he did in the claim above, that he was acquitted of the most serious charges. Id. He argues that if his trial counsel had obtained these school records earlier, and not waited until the trial to review them, he could have obtained the correct records and used them at trial to damage the victim's credibility. Id.

### 3. State Court Decision

Petitioner raised these claims of ineffective assistance of counsel for the first time in a petition for writ of habeas corpus filed in the California Superior Court. The Superior Court rejected petitioner's arguments, reasoning as follows:

> Petitioner is challenging the validity of his conviction in Sacramento Superior Court case number 10F07563. He contends that he received ineffective assistance of counsel when his attorney allegedly failed to conduct a reasonable pre-trial investigation and allegedly failed to present evidence in his defense.
>
> First, petitioner claims that his attorney failed to subpoena his phone records from Metro PCS in a timely fashion, as well as a "couple of alibi witnesses." Petitioner claims that, in delaying his request for these records, counsel lost access to the records of his phone calls and texts on the date of the offense as Metro PCS only keeps records for a six-month period. As a result, petitioner claims that he lost evidence that "more than likely" would have established that he was on the phone at the time that the crime allegedly took place and in a different location. He also claims that these records would have shown that the victim continued to phone him after the crime, which he believes would have discredited her claim that she did not tell anyone about the crime as she was fearful of him.
>
> Second, petitioner contends that his attorney allegedly failed to conduct an adequate pretrial investigation into the date of the Open House at the victim's school – the date that the crimes took place. He claims that the school's calendar would have discredited the victim's testimony as it would have shown that the Open House was not held on October 28, 2010, the date that the victim claimed that the offense took place.
>
> In evaluating a claim of ineffective assistance of counsel, the court applies a two-part test:
>
> "[A] defendant must first show counsel's performance was 'deficient' because his 'representation fell below an objective standard of reasonableness . . . under prevailing professional norms.'" (In re Harris (1993) 5 Cal.4th 813, 832-833, citing Strickland v. Washington (1984) 466 U.S. 668 and People v. Pope (1979) 23 Cal.3d 412.)
>
> In applying the first part of the test, courts are directed to be highly deferential. A petitioner claiming ineffective assistance must overcome a presumption that, considering all of the circumstances, counsel's actions "might be considered sound trial strategy." (Strickland, supra, 466 U.S. at p. 689.)
>
> In the second part of the test, a petitioner "must also show prejudice flowing from counsel's performance or lack thereof. [Cites omitted]. Prejudice is shown when there is a 'reasonable probability that, but for counsel's unprofessional errors, the result

of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' [Cites omitted]" (Ibid.)

In presenting a petition for writ of habeas corpus, it is petitioner's burden to plead facts which, if proven true, would entitle him to relief. (People v. Duvall (1995) 9 Cal.4th 464.) In order to meet this burden, he must state with particularity the facts upon which he is relying to justify relief. (In re Swain (1949) 34 Cal.2d 300, 303-304.) "Such factual allegations should also be supported by '[reasonably available] documentary evidence or affidavits.'" (In re Harris (1993) 5 Cal.4th 813, 827 fn. 5.)

Petitioner's claims are vague, conclusory, and unsupported by any reasonably available documentary evidence. Not only has he failed to provide the court with a copy of his transcript and any evidence which might support his claim that METRO PCS records are destroyed after a six-month period, but he has not identified the "couple of alibi witnesses" or provided any affidavits from them as to what testimony they would have given at trial.

Further, petitioner states that both he and his girlfriend testified, yet he does not indicate the nature of that testimony with respect to his alibi. In the event that they both testified that he was driving home from Winters at the time of the alleged offense, as he asserts now, then petitioner's claim would fail as the alibi evidence would have been before the jury.

In the absence of any of the foregoing information, the court is not in a position to assess either prong of an ineffective assistance of counsel claim. Therefore, petitioner's claim fails to satisfy the above authorities.

Petitioner's claim that his defense was harmed by counsel's alleged failure to obtain the phone records, as he could not use them to discredit the victim's claim that she was fearful of him, is without merit. He was convicted of two counts of Penal Code section 288(a), which does not have a force or fear element.

Petitioner's claim that his defense was somehow prejudiced when his attorney allegedly failed to obtain the school's calendar for the relevant time period fails to state a prima facie case for relief. Whether the Open House took place on October 23 or 25, 2010, this small discrepancy is not sufficient to discredit the entirety of the victim's testimony. Any confusion or discrepancies as to dates is not alone sufficient to support a characterization of the victim's testimony as incredible as a matter of law. (People v. Christensen (1939) 32 Cal.App.2d 380, 382.) In any event, the question of whether the victim's confusion in the matter of dates affected her credibility was for the jury to determine. (People v. Stangler, (1941) 18 Cal.2d 688, 691-692.)

Resp't's Lod. Doc. 8 at 1-3.

/////

Petitioner raised these ineffective assistance of counsel claims again in a petition for writ of habeas corpus filed in the California Court of Appeal and in a petition for review filed in the California Supreme Court. Resp't's Lod. Docs. 9, 11. Those petitions were both summarily denied. Resp't's Lod. Docs. 10, 12.

**4. Analysis**

### i. Failure to Obtain Telephone Records

Assuming arguendo that trial counsel rendered deficient performance in failing to subpoena petitioner's cell phone records in a timely manner, petitioner has failed to demonstrate prejudice. Although petitioner speculates that the records would show he and the victim had several friendly telephone conversations or exchanged text messages after the assault, or that he was driving his fiancee to and from work in Winters at the time of the assault, speculation is insufficient to demonstrate prejudice. See, e.g., Bragg, 242 F.3d at 1087 ("on the record before us we cannot hold based on speculation that Piggott's representation of Norwood was the cause of any inactions by Piggott"). A prejudice inquiry "must focus on whether the result would have been different in light of the evidence that would have been presented to the jury had [the petitioner's] counsel not been deficient." Boyde v. Brown, 404 F.3d 1159, 1179 (9th Cir. 2005). There is no evidence before the court to support such a determination in this case apart from petitioner's speculative claim as to what those records would show.

Even if petitioner were to produce telephone records showing that he and the victim spoke on the telephone and/or exchanged text messages after the assault, this would have little bearing on the prejudice analysis. Those records would not show the content of any conversations or text messages. Evidence that petitioner and the victim spoke on the telephone after the assault, without any indication of what was said during those conversations, would not have supported petitioner's characterization of the substance of those calls. The court also notes that the victim testified she saw petitioner several times after the assault, and even called to sing him a birthday song. Reporter's Transcript (RT) at 195-210. Cumulative evidence that petitioner and the victim continued to be in contact after the incident would not add anything of substance to what the jury already knew.

Petitioner's unsupported assertion that the cell tower would have pinpointed his location as "not anywhere near the area of the alleged crime scene," (ECF No. 1 at 10), is also based on speculation and is therefore insufficient to establish prejudice. Although petitioner argues that he is now unable to obtain the phone records to prove this point because they have been destroyed, this court cannot find that the result of the proceedings would have been different without some indication of what those records would show. In addition, as noted by the state court, petitioner's alibi evidence was already before the court through the testimony of petitioner and his fiancee.

The conclusion of the California Superior Court that petitioner failed to demonstrate prejudice with respect to this claim of ineffective assistance of counsel is not contrary to or an unreasonable application of United States Supreme Court authority. 28 U.S.C. § 2254(d). Certainly the decision is not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 131 S.Ct. at 786-87. Accordingly, petitioner is not entitled to relief.[3]

/////

---

[3] Petitioner does not appear to be raising a claim that his trial counsel rendered ineffective assistance in failing to call alibi witnesses, as he did in state court. Even if he is raising such a claim, he has failed to demonstrate prejudice. To establish prejudice caused by the failure to call a witness, a petitioner must show that the witness was likely to have been available to testify, that the witness would have given the proffered testimony, and that the witnesses' testimony created a reasonable probability that the jury would have reached a verdict more favorable to the petitioner. Alcala v. Woodford, 334 F.3d 862, 872–73 (9th Cir. 2003). Without evidence as to what witnesses would have testified to at trial, a habeas petitioner cannot establish prejudice with respect to such a claim. See Dows v. Wood, 211 F.3d 480, 486-87 (2000) (no ineffective assistance of counsel for failure to call an alleged alibi witnesses where petitioner did not identify an actual witness, did not provide evidence that the witness would have testified, nor presented an affidavit from the alleged witness he claimed should have been called); Grisby v. Blodgett, 130 F.3d 365, 373 (9th Cir. 1997) (same); United States v. Harden, 846 F.2d 1229, 1231-32 (9th Cir. 1988) (no ineffective assistance because of counsel's failure to call a witness where, among other things, there was no evidence in the record that the witness would testify); United States v. Berry, 814 F.2d 1406, 1409 (9th Cir. 1987) (appellant failed to satisfy the prejudice prong of an ineffectiveness claim because he offered no indication of what potential witnesses would have testified to or how their testimony might have changed the outcome of the hearing). A petitioner's mere speculation that a witness might have given helpful information if interviewed is not enough to establish ineffective assistance. See Bragg, 242 F.3d at 1087. Here, petitioner has failed to demonstrate that any alibi witness would have testified and has not described the nature of any such testimony. Accordingly, he has not demonstrated prejudice under the tests set forth above.

### ii. Failure to Obtain School Records

For the same reason, petitioner's claim regarding the school records should be denied. Even if trial counsel rendered deficient performance in failing to obtain records from the school the victim was attending at the time of the assault, petitioner's speculation as to what those records would show is insufficient to establish prejudice. In addition, as set forth above, the California Superior Court concluded that even if the school records confirmed there was no open house on October 28 at the victim's school, this constituted only a "small discrepancy" that was not sufficient to discredit the victim's entire testimony. This court agrees.

The victim testified that petitioner picked her up to take her to an "open house" for "extra-credit." RT at 92. She did not remember the date of the open house, or the date of the assault, except that it was in October, 2010. Id. On the other hand, she remembered specific explicit details about the assault. See, e.g., id at 95-118. Under these circumstances, and in light of the victim's testimony as a whole, school records showing there was no open house on October 28 would not have changed the jury's determination that petitioner was guilty of an assault against the victim. Contrary to petitioner's allegation, the victim's description of the assault, and not the date on which it occurred, was the ""foundation of the prosecution's case." See ECF No. 1 at 17.

The California Superior Court's conclusion that petitioner failed to demonstrate prejudice with respect to this claim is not objectively unreasonable, nor is it contrary to or an unreasonable application of Strickland. Accordingly, petitioner is not entitled to relief on this claim.

### B. Bias of Superior Court Judge

In his final ground for relief, petitioner claims that California Superior Court Judge Ernest Sawtelle, who denied his state habeas petition, should have recused himself because he also presided over several pretrial matters in connection with petitioner's underlying criminal matter. ECF No. 1 at 5, 16-18. See also Clerk's Transcript on Appeal (CT) at 1-5. Petitioner alleges that Judge Sawtelle was "a party included in the proceedings in dispute and also had personal knowledge of the disputed evidentiary facts." ECF No. 1 at 5, 16. Petitioner contends the judge's failure to recuse himself from deciding his habeas petition violated 28 U.S.C. § 455

(Disqualification of justice, judge, or magistrate judge). Id. at 16. He goes on to explain why Judge Sawtelle's decision on his state habeas petition was erroneous. Id. at 17-18.

Petitioner raised this claim in his habeas petition filed in the California Court of Appeal and in his petition for review filed on November 21, 2013 in the California Supreme Court. As set forth above, those petitions were summarily denied.

Petitioner has failed to cite any federal authority, nor has the court found any, which holds that a state judge's failure to recuse himself from deciding a habeas petition when he had some involvement with the underlying criminal matter violates a petitioner's federal constitutional or statutory rights. Accordingly, petitioner has failed to show that the state court rejection of this claim is contrary to or an unreasonable application of federal law. See Moses v. Payne, 555 F.3d 742, 754 (9th Cir. 2009) (when a Supreme Court decision does not "squarely address" the issue raised by the petitioner or establish a legal principle that "clearly extends" to that context, "it cannot be said, under AEDPA, there is 'clearly established' Supreme Court precedent addressing the issue before us, and so we must defer to the state court's decision").

Petitioner's claim also lacks merit under federal standards. "The Due Process clause 'requires a fair trial in a fair tribunal before a judge with no actual bias against the defendant or interest in the outcome of his particular case.'" Smith v. Mahoney, 611 F.3d 978, 997 (9th Cir. 2010) (quoting Bracy v. Gramley, 520 U.S. 899, 904–05 (1997)). However, "'[o]nly in the most extreme of cases would disqualification on the basis of judge bias be constitutionally required.'" Id. (alteration omitted) (quoting Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813, 821 (1986)). "A judge's conduct justifies a new trial if the record shows actual bias or leaves an abiding impression that the jury perceived an appearance of advocacy or partiality." United States v. Marks, 530 F.3d 799, 806 (9th Cir. 2008). To sustain a claim of judicial bias on habeas corpus, the issue is "whether the state trial judge's behavior rendered the trial so fundamentally unfair as to violate federal due process under the United States Constitution." Duckett v. Godinez, 67 F.3d 734, 740 (9th Cir. 1995). The Ninth Circuit has recognized that there are three general circumstances in which an appearance of bias violates due process: (1) a judge who "has a direct, personal, substantial pecuniary interest in reaching a conclusion against one of the litigants;" (2) a

judge who "becomes embroiled in a running, bitter controversy with one of the litigants;" and (3) a judge who "acts as part of the accusatory process." Crater v. Galaza, 491 F.3d 1119, 1130 (9th Cir. 2007) (citing cases). In order to prevail on a claim of judicial bias, a petitioner must overcome a "strong presumption that a judge is not biased or prejudiced." Sivak v. Hardison, 658 F.3d 898, 924 (9th Cir. 2011) (quoting Rhoades v. Henry, 598 F.3d 511, 519 (9th Cir. 2010)).

There is no evidence before this court that Judge Sawtelle was biased or impartial, that he acted in an arbitrary manner, that he was part of the accusatory process, or that any of his decisions were the result of bias. The mere fact that he handled some of petitioner's pretrial matters does not constitute grounds for disqualification.[4] Petitioner's conclusory allegations fail to overcome the "strong presumption" that Judge Sawtelle was not biased or prejudiced. Accordingly, he is not entitled to relief on this claim.

**IV. Conclusion**

IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District judge to this action.

IT IS RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue

---

[4] In federal court, the trial judge often rules on federal habeas petitions subsequently filed in the same case pursuant to 28 U.S.C. § 2255. This does not constitute a violation of 28 U.S.C. § 455. See, e.g., McKinney v. United States, 487 F.2d 948, 950 (9th Cir. 1973) (trial judge ruling on a § 2255 motion entitled to take into account his observations during trial).

in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: October 5, 2016

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DAD:8:
Santoyo771.hc:DB1:prisoner-habeas